**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Marie Hinkle,<br><br>   Plaintiff,<br><br>v.<br><br>Federal Bureau of Investigation, et al.,<br><br>   Defendants. | No. CV-22-01660-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). The Court has reviewed the financial information of Plaintiff and finds she financially qualifies to proceed without paying the filing fee. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234-36 (9th Cir. 2015).

Next the Court will determine whether the complaint should be dismissed.

**A.  28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a

finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

Here, the complaint was filed against the FBI, the CIA the Department of Defense and the Pinal County Sherriff's Office. The following is a sample of the allegations in the complaint:

"I am being tracked, tortured, followed, harassed, threatened, personal items, home, and vehicle vandalized, and being killed by government officials and their military drones." (Doc. 1 at 4).

"Placed on FBI terrorist watch list…. PCSO has continued to refuse to help/protect me. DOJ, FBI, and Homeland Security have refused to protect me or investigate this torture/killing program. DOJ drones began 'shooting' me with rays causing pain from my head to my feet and leaving marks on body. CIA funds these activities…." (Doc. 1 at 4).

"Florence Police Department Officer Cambell [sic] spoke with me on September 6, 2022 about 4 a.m. on the phone. He refused to come to my home when I requested his protection to check the area (including the sky) for the devices torturing me…. In October 2021, agencies moved foot soldiers into the area to spy on me 24 hours a day, seven days a week." (Doc. 1 at 5).

"The PCSO are the ones in charge of putting together the harassment campaign. They use agencies like Infoguard, Citizens Corp, some first responders, fire fighters, agencies such as FEDEX, Post Office, Wiccans, Devil Worshippers, etc…." (Doc. 1 at 5).

Plaintiff then requests relief including, "I want the court to serve a cease and desist order to all agencies and individuals involved in this killing program/harassment. I want all the drones to stop killing me. I want to stop being tracked. I want to stop the drone attacks on us citizens. I want the people involved in this torture to be held accountable for their actions including driving women to suicide." (Doc. 1 at 6).

As discussed above, this Court shall dismiss an *in forma pauperis* complaint that is frivolous. As quoted above, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton*, 504 U.S. at 33.

Plaintiff's allegations of a massive conspiracy among government agencies, private sector entities and various "Wiccans", "Devil Worshippers" and other individuals to torture and kill her using lasers from drones are irrational and wholly incredible. Accordingly, the Court finds the factual allegations in the complaint are frivolous; and, thus, the complaint as a whole, which is based on these allegations, is frivolous. As a result, the complaint will be dismissed.

Next the Court will determine whether to sua sponte give Plaintiff leave to amend her complaint.

> [W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc)….A district court should not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood,* 846 F.2d 1202, 1203–04 (9th Cir.1988) (per curiam) (internal quotation marks omitted).

*Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

In this case, Plaintiff's claims of various government defendants, acting in concert with others, attempting to kill her or having "killed" her already cannot be cured by amendment. Additionally, Plaintiff's most plausible assertion–that she spoke to Officer Campbell of the Florence Police Department and he refused to come to her home–fails to state claim because Plaintiff has no "constitutional right" to compel Officer Campbell to go to her home to check the sky for drones. Moreover, Plaintiff does not name Officer Campbell or the Florence Police Department (which is likely a non-jural entity) as defendants in this case nor make allegations against them which would be transactionally related to the other allegations in the current complaint.

Because Plaintiff's allegations against all named defendants are frivolous, and because Plaintiff's allegations against other various individuals or entities fail to state a

claim, the Court will not sua sponte grant leave to amend because the Court finds that the complaint cannot be cured by amendment.

Finally, Plaintiff seeks the appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates the plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331.

As discussed above, the Court finds that Plaintiff's claims are without merit. Further, Plaintiff is capable of communicating with the Court. Finally, given the Court's above findings, the Court will not appoint counsel expecting counsel to advance these claims. For these reasons, the motion for appointment of counsel is denied.

Based on the foregoing,

**IT IS ORDERED** that the motion for appointment of counsel (Doc. 5) is denied.

**IT IS FURTHER ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FINALLY ORDERED** that the complaint is dismissed and the Clerk of the Court shall enter judgment accordingly.

Dated this 27th day of October, 2022.

James A. Teilborg
Senior United States District Judge